ELIAS J. PATTISON as RECEIVER, RESPONDENT, v. DENNIS J. O'CONNOR, APPELLANT, IMPLEADED, &c.

*Stipulation extending time to answer—construction of—An order denying a motion to compel the acceptance of a pleading is appealable.*

On April 6 the defendant's attorney, whose time to answer expired April 11, applied for an extension of time to the plaintiff's attorney, who thereupon signed the following written stipulation: "The time for the defendant, Dennis J. O'Connor, to answer the within complaint, is hereby extended twenty days. Dated N. Y., April 6, 1880." The plaintiff's attorney having refused to receive a demurrer served by the defendant's attorney on April 30, on the ground that the time to demur had expired, the defendant moved for an order requiring the plaintiff to receive the demurrer, which was denied.

*Held,* that the stipulation extended the time twenty days from April 11, and that the demurrer was served in time.

That the defendant was entitled to move for an order requiring the plaintiff to receive the demurrer, and that the order denying the motion was appealable.

APPEAL from order made at Special Term denying a motion, on the part of the appellant, to compel the respondent to receive a demurrer, served upon him by the appellant.

*Stearns & Ames,* for the appellant.

*S. E. Browne,* for the respondent.

DAVIS, P. J.:

The complaint in this case was served on March 22, 1880. The twenty days to answer would have expired on April 11; but on April 6, the respondent's attorney signed a written stipulation, at the request of the appellant's attorney, which is in these words: "The time for the defendant, Dennis J. O'Connor to answer the within complaint, is hereby extended twenty days. Dated N. Y., April 6, 1880. S. E. BROWN, attorney for plaintiff." On April 30, following, the appellant's attorney served on the respondent's attorney a demurrer to the complaint, which was returned on the same day, with notice that it was returned because the

time for the appellant to demur had expired before April 30, 1880.

The sole question is whether the stipulation by which the time to answer was extended twenty days, had the effect to give twenty days' additional time, or only fifteen days. The respondent's counsel contends that it only operated to give twenty days from April 6, 1880, at which time it was dated. This construction, we think, is clearly wrong. The language of the stipulation is: " The time to answer the within complaint is hereby extended twenty days." This gave twenty days in addition to the time already existing; otherwise the time for answering would not be extended for that period. It is a very common thing for attorneys to apply to each other for a stipulation of this kind prior to the day on which the time to answer expires; probably more common than to wait until that day actually arrives; and a question has never arisen, where an extension was given in the broad language of this stipulation, because no one probably has doubted that an extension of twenty days, given for instance the day before the time to answer expired, would enlarge the then existing time by the full twenty days, and not by nineteen days only. If the respondent's attorney intended to limit the time of the extension from the date of the stipulation, he should have specified twenty days from this date, or have specified the shorter number of days; and that would have left no doubt of the effect of the stipulation.

We think the court below erred in holding that the demurrer was not served in time. It was entirely proper to make the motion requiring the demurrer to be received, instead of delaying until after judgment was entered, and then moving to open the judgment. The latter course might have been taken undoubtedly; but that fact did not preclude the appellant's attorney from making the motion he did; he was not bound to wait till his client's rights were put in greater jeopardy by an actual judgment against him. And as his right to serve his demurrer within the twenty days extended time is clear and a substantial one, there seems to be no reason to doubt that the order denying its exercise is appealable.

We think the order below should be reversed, with $10 costs, and disbursements, and an order entered directing that the demurrer be received, or regarded as well served, on April 30.

Brady and Barrett, JJ., concurred.

Order reversed, with $10 costs, and disbursements, and order entered as directed in opinion.